Filed 2/1/16  S.P. v. M.B. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| S.P., | B260129, B261766, B264977 |
| Respondent, | (Los Angeles County |
| v. | Super. Ct. No. PF005005) |
| M.B., | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lloyd C. Loomis, Judge.  Affirmed (No. B260129).

APPEAL from an order of the Superior Court of Los Angeles County.  Ann I. Jones, Judge; Patricia Ito, Temporary Judge (pursuant to Cal. Const., art. VI, § 21).  Affirmed (No. B261766).

APPEAL from an order of the Superior Court of Los Angeles County.  Patricia Ito, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed (No. B264977).

M.B., in pro. per., for Appellant.

No appearance for Respondent.

_____

M.B. (Father) appeals from the judgment in this paternity action (No. B260129); denial of his postjudgment motion for an order modifying custody and for sanctions against S.P. (Mother) (No. B261766); and a later postjudgment motion for an order modifying custody, visitation, child support, and for sanctions (No. B264977).[1]  Because M.B. did not provide an adequate record, cite to the record he provided, provide a fair summary of all the facts, or set forth any argument addressing the order from which he appealed in No. B264977, he failed to establish any error or overcome the presumption that the judgment and orders are correct and supported by the evidence.  Accordingly, we affirm.

## BACKGROUND

Because Father failed to provide a complete record, failed to fairly summarize all of the facts in the light most favorable to the judgment, and failed to cite to the record, which consists of incomplete clerk's transcripts, we draw our statement of facts from the trial court's December 2, 2014 judgment (Judgment) and an examination of the contents of the clerk's transcripts in the three above-captioned appeals.

**1.      The parties' relationship and events preceding the trial and Judgment**

Upon birth of minor L. (Daughter) in 2010, Father and Mother executed a voluntary declaration of paternity.  About four months later, Mother filed a paternity action, requesting physical and legal custody of Daughter, with Father having appropriate visitation.  Father responded by seeking physical and legal custody of daughter.  Father appears to have represented himself throughout the proceedings.

A September 15, 2010 court order that does not appear to be in the appellate record granted Father visitation Tuesdays and Thursdays from 6:30 a.m. to 1:00 p.m. and Friday from 3:00 p.m. to Saturday at 3:00 p.m.  The court set the matter for "trial" on November 23, 2010, and ordered the parties to cooperate and to participate in a "Solution Focused Evaluation."

---

[1] On December 18, 2015, we consolidated the three appeals for oral argument and decision.

Dr. Jimenez, who was chosen by Father to perform the court-ordered evaluation,[2] testified at the November 23, 2010 hearing. He recommended retaining the current custody and visitation schedule. The Judgment recites that Jimenez "noted that [Father] had some personal psychological issues and recommended that [Father] have at least 10 sessions with a psychotherapist to address these issues. Dr. Jimenez testified at length as to why these actions were necessary including an observation that [Father] was personally too enmeshed with the child." The court accepted Jimenez's recommendations, leaving the visitation schedule unchanged and ordering Father to "participate in at least 10 psychotherapy sessions," based upon Jimenez's conclusion that Father had "unresolved psychiatric issues." The court found that Father "is not now equipped to establish a long-term parenting plan although it is sufficient for now." The court awarded physical custody to Mother and left the issue of legal custody to be determined at a future date. It advised Father that any requests he might make for modification of the custody and visitation orders "will be denied until such a time as [Father] has addressed the recommendations of the Evaluator." The court's written order reflecting these findings and rulings was filed on December 7, 2010. A copy of the order is in the clerk's transcript for No. B261766, but the record does not include a reporter's transcript for the November 23, 2010 hearing or any other proceeding.

The appellate record reflects that between December 7, 2010 and the trial, which was conducted March 10 through 12, 2014, Father filed numerous motions and at least one petition for a writ of mandate filed in the trial court seeking child support, attorney fees, and modifications of the custody and visitation orders. Although the appellate record contains no rulings on any of these motions or the petition, the Judgment recites that as of August 30, 2013, the custody and visitation order of December 7, 2010, remained in effect.

---

[2] The evaluation is not in the record.

## 2.    The trial and Judgment

The Judgment reflects that both Mother and Father testified at trial, and the court considered the prior testimony of Dr. Jimenez. Counsel appointed to represent Daughter also participated in the trial. The Judgment reflects that the court found Father had not attended "even one psychotherapist session. The records that [Father] presented to support his position that he attended 10 psychotherapist sessions did not support his position. [Father] has failed to comply with the court's order" of December 7, 2010. The court further found that Father "is unable to co-parent at this time," and that "based upon the record in this case [it] is in the best interest of the child to continue with the current visitation schedule." The court noted Father "is too e[n]meshed with the child. [His] attempts to monopolize as much time as possible for his visitation is not in the best interest of the child. If and when [Father] complies with the prior orders of the court, the court may consider possible modification of visitation."

Accordingly, the court awarded Mother legal and physical custody of Daughter and awarded Father visitation on the same schedule established in the December 7, 2010 order. The issue of a holiday schedule was reserved, and the court made other orders including requiring Mother to share information with Father and attend a parenting class. The court also ordered Father to pay child support of $252 per month beginning on June 1, 2013. Mother waived payment of $7,029 Father owed for child support arrears, and the court ordered Father to pay the remaining arrears of $2,178 at the rate of $100 per month beginning on August 1, 2014.

Father timely filed a notice of appeal from the December 2, 2014 Judgment (No. B260129).

## 3.    Events subsequent to the Judgment leading to second appeal

In the interval between the March 2014 trial and the filing of the Judgment December 2, 2014, Father filed numerous motions seeking child support, attorney fees, sanctions, and modifications of the custody and visitation orders. In addition, in October of 2014, he filed a Code of Civil Procedure section 170.6 peremptory challenge against

4

the trial judge, Judge Loomis. The appellate record does not reflect the rulings on any of these matters.

Meanwhile, Mother sought an order modifying the prior visitation order by requiring supervised visitation, based upon Father's "angry outbursts directed at minor child's teacher, the blatant display by [Father] of his inability to control his anger and dangerous impulse issues." On September 25, 2014, the court temporarily terminated Father's visitation with Daughter pending a hearing on Mother's motion. The next day, Mother obtained a temporary restraining order against Father, with Daughter as an additional protected person. Father opposed issuance of the permanent restraining order as being based upon "a lie." The court subsequently continued the hearing on the restraining order and modified the ban on visitation to permit Father up to six hours per week of supervised visitation and a 15-minute telephone call with Daughter every evening, which Mother was permitted to record. The appellate record does not reflect whether a permanent restraining order was ultimately issued, although a January 20, 2015 declaration filed by Father states that it was not.

Mother also sought an order modifying the prior visitation order to eliminate the telephone calls based upon conduct and statements by Father to Daughter during those calls. The appellate record does not reflect the ruling upon Mother's motion.

On December 1, 2014, Father filed a motion seeking a change in custody and for sanctions that was set for hearing on January 21, 2015. This appears to be the order from which Father appealed in No. B261766.[3] The motion complained about the conduct of the attorneys representing Mother and Daughter, Mother's "conscious campaign of parental alienation," Father's lack of contact with Daughter and inability to participate in numerous specified activities with Daughter, and the effect on Father's "image in the community." It requested "an order requiring make-up parenting time," requiring that

---

[3] The notice of appeal in No. B261766 specifies the appeal is from the "judgment" entered on January 21, 2015. None of Father's numerous other motions in the record reflects a hearing date of January 21, 2015.

Daughter be reenrolled in her former daycare, requiring that Mother to pay for weekly visits to a specified hairdresser, and restricting Mother's "visitation until she can participate in a parental alienation program designed by a professional, complete a parental education program, 52 sessions of individual psychotherapy sessions and/or imposing a fine and/or jail sentence."

In a declaration filed the day before the hearing on the motion, for which the record contains no proof of service, Father stated Mother's prior abuse claim was false and that she had attempted, unsuccessfully, to file a false child abuse claim with the police. Father asserted that Mother had said inappropriate things to Daughter about Father, behaved inappropriately around Daughter, allowed Daughter to watch too much television, allowed negligent supervision of Daughter, failed to share medical or day care information with Father, and failed to take Daughter to a dentist. Father also asserted that children and teachers at Daughter's new day care were mean. He stated he had completed 15 psychotherapy sessions and had no unresolved psychiatric issues. He attached exhibits that he asserted would support this claim. Father requested that the court dismiss Daughter's attorney and impose sanctions on Mother.

Father testified at the hearing on January 21, 2015. The appellate record does not include a reporter's transcript of that hearing. The trial court ruled, in pertinent part, as follows: "The Court categorically denies the allegations made by [Father] against counsel for [Mother], minor's counsel and the judicial officers who have conducted the trial and hearings on this case. [¶] All Requests for Orders[4] filed by [Father] which are heard today are DENIED. This case is in post-judgment stage, and the Court finds no significant change of circumstance that would justify granting any of [Father's] requests for order. [¶] The Court orders that [Mother] shall pick-up the child on Saturdays at the Devonshire Police Station lobby. The non-custodial parent is not allowed any telephone calls."

---

[4] Nothing in the record reveals what, if any, other requests for orders the court ruled upon.

Father timely filed a notice of appeal from the January 21, 2015 order (No. B261766).

We note that Father filed numerous other motions during December 2014, including a motion for reconsideration of an unspecified order (set for hearing December 16, 2014), a motion for a new trial, an ex parte request for order enforcing "12/2/14 Order" (specifying the filing date as the hearing date), a motion for simplified modification of the child support order (set for hearing December 29, 2014), two applications for an order vacating a stay of execution and issuing a writ (which actually sought a stay of execution), and a motion to set aside the judgment (set for hearing on February 10, 2015). Father also filed his second Code of Civil Procedure section 170.6 peremptory challenge, this time against Commissioner Ito, then two applications to revoke his stipulation to Ito hearing the case. As far as the appellate record reveals, none of these was heard on January 21, 2015, and the rulings on the aforementioned motions and applications are not in the appellate record.

**4.      Events subsequent to the January 21, 2015 order**

On January 22, 2015, Father filed another application to withdraw his stipulation to Commissioner Ito. Father's declaration in support of the application essentially argued that Ito abused her discretion by ruling against him, not accepting his evidentiary showings, and considering a request by counsel for Daughter to deem Father a vexatious litigant, which Father speculated Ito would grant. Father further argued that Ito was biased against him based upon his courtroom behavior and because he was not an attorney. Father cited California Rules of Court, rule 2.816(e) as authority for his application.

On February 9, 2015, Judge Jones denied Father's application to withdraw his stipulation. She explained, "[Father's] reliance on Cal. R. Ct. 2.816(e) is misplaced. As expressly provided in Subsection (a) of that Rule, it applies only when the court has appointed or assigned an attorney to serve as a temporary judge of that court. Commissioner Ito is a Commissioner of the Superior Court, not an attorney assigned to

7

serve as a temporary judge. [¶] Moreover, even if this Rule were to apply, there is nothing in the instant Application or 'motion' that supports what is, essentially, a motion for reconsideration. There are no new facts or law cited by [Father] in this brief. Rather, he speculates as to the outcome of future proceedings and reargues older rulings."

On February 17, 2015, Father filed a notice of appeal of the February 9, 2015 order. On April 28, 2015, this court dismissed that appeal, and remittitur issued on July 27, 2015.

On February 11, 2015, David Rickett, who had represented Daughter in these proceedings, withdrew. Apparently, the court later appointed William Spiller to represent Daughter. On April 28, 2015, Father filed an objection to minor's counsel, seeking to remove Spiller on the ground Spiller was not effectively representing Daughter because he had aligned himself with Mother, would not meet with Father and Daughter simultaneously, did not promptly return Father's phone calls, and was rude to Father. The objection indicated a June 10, 2015 hearing date.

A minute order for June 10, 2015 does not refer to Father's attempt to remove Daughter's attorney, but reflects a ruling on a request by Father for an order to modify custody, visitation, and child support, and for sanctions. That request is not in the appellate record. The minute order reflects that "[m]oving and responding pleadings filed in connection with today's hearing are received into evidence by reference to the court file, subject to cross-examination, as best described in the notes of the court reporter. [¶] [Father] is sworn and he testifies." The court denied the request, explaining it found "no significant change of circumstance to warrant any modification of visitation." With respect to child support, the court ordered Mother to pay Father "$7.00 per month."

Father immediately appealed the court's June 10, 2015 order (No. B264977).

8

**DISCUSSION**

**1.      Principles regarding appellate review**

"'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  An appellant must provide an adequate record, affirmatively demonstrate reversible error, and support his or her argument by citation to the record and supporting legal authority.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Nwosa v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosa*); *Lewis v. City of Benicia* (2014) 224 Cal.App.4th 1519, 1539.)  Failure to provide an adequate record on an issue requires that the issue be resolved against the appellant.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)  Failure to support a contention with reasoned argument and citation of authority results in forfeiture of the contention.  (*Lewis*, *supra*, 224 Cal.App.4th at p. 1539.)

"Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)  Similarly, a claim the trial court abused its discretion is forfeited by failing to provide a record that explains the trial court's reasoning.  (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.)

"In every appeal, 'the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment,'" not just those favorable to the appellant.  (*In re S.C.* (2006) 138 Cal.App.4th 396, 402.)  Failure to do so constitutes a failure to demonstrate error or a forfeiture of alleged error, and we may presume that the record contains evidence to sustain every finding of fact by the trial court.  (*Contra Costa*

*County v. Pinole Point Properties, LLC* (2015) 235 Cal.App.4th 914, 934–935; *Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.)

These rules apply to both self-represented and represented parties. (*Nwosa*, *supra*, 122 Cal.App.4th at p. 1247.)

**2.      Father's failure to provide an adequate record and meet his other obligations upon appeal precludes consideration of the merits of his claims in any of the above-captioned appeals.**

In No. B260129, Father appeals from the Judgment. In his brief filed in No. B260129 he argues, in essence, that the evidence was insufficient to support the Judgment; Judge Loomis did not credit Father's evidence; Judge Loomis was biased against Father based on gender, race, and because Father represented himself and "would not allow [Judges] Byrd and Loomis to disrespect [him] as a man as they allow the Mother to lie in open court"; and the trial court abused its discretion by not awarding Father attorney fees and acted in excess of its jurisdiction.

In No. B261766, Father appeals the denial of his postjudgment motion for an order modifying custody and for sanctions. In his brief in No. B261766 he argues, in essence, that the order was not supported by sufficient evidence and was an abuse of discretion; the court did not credit Father's evidence and accepted Mother's testimony, which Father argues was false; Commissioner Ito was biased against Father because Father represented himself and due to his previous "verbal digression before prior Judges" in the case; Ito did not punish Mother for "filing two false abuse reports among other things"; Judge Loomis is making rulings through Ito; Ito discriminates in favor of attorneys by allowing them to roam freely in her courtroom and to make noise; Ito is rude to Father and Father's mother; and "the trial court's minute order set forth no findings of fact and seem to indicate that it did not even base its ruling on facts or evidence of the various conduct." Father also seemingly complains that his application to withdraw his stipulation to Commissioner Ito was not heard by a presiding judge, as required by California Rules of

10

Court, rule 2.816(e). As noted, Father's appeal of the February 9, 2015 ruling on his application was dismissed on April 28, 2015, and remittitur issued on July 27, 2015.

In No. B264977, Father seemingly appeals from another postjudgment motion for an order modifying custody, visitation, child support, and for sanctions. His brief filed in No. B264977 is virtually identical to that filed in No. B261766. It even states it is an appeal from the January 21, 2015 order that is the subject of No. B261766.

Father has not overcome the presumption that the judgment and orders from which he appeals are correct and has not established any error by the trial court. Each of the three appeals challenges the result of a contested proceeding at which testimony and other evidence were received, yet Father has not provided a reporter's transcript of any of the proceedings, and no error is apparent on the face of the existing appellate record. As a result, we must presume that the unreported trial testimony would demonstrate the absence of error. We therefore reject Father's sufficiency of evidence, abuse of discretion, and failure to credit Father's evidence contentions, which are the bulk of his contentions in each of the three appeals.

The record Father provided was inadequate because it is obviously incomplete and fails to demonstrate any error. For example, in No. B264977, the motion giving rise to the ruling from which Father appealed is not included in the clerk's transcript. The records in the other two appeals include numerous motions by Father without including the opposition thereto or ruling thereon. Moreover, none of Father's briefs *ever* cite the clerk's transcript. He has thereby both failed to demonstrate error and forfeited all of his contentions. In addition, while Father's briefs present his side of the story at length, he failed to provide a fair summary of *all* the facts. His failure to do so constitutes a failure to demonstrate error and results in forfeiture of all of his claims of error and a presumption that the record contains evidence to sustain every finding of fact by the trial court. Finally, Father's brief in No. B264977 sets forth no argument with respect to the June 10, 2015 order from which he appealed, and instead reiterates his arguments with

11

respect to the January 21, 2015 order. We further note that our review of the record provided reveals nothing to support any of Father's claims.

For all of these reasons, we reject all of Father's appellate claims.

## DISPOSITION

The judgment and the orders are affirmed.

NOT TO BE PUBLISHED.

                                                    LUI, J.

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

12